UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
JOSEPH RIOTTA, by his mother and natural
guardian, BERNADETTE RIOTTA, and
BERNADETTE RIOTTA, individually,

**MEMORANDUM & ORDER**

07-5179 (NGG) (RLM)

Plaintiffs,

-against-

PLAYCORE INC. and BAHA MAR
PROPERTIES LTD.

Defendants.
-----------------------------------------------------------X
NICHOLAS G. GARAUFIS, United States District Judge.

Defendant Baha Mar Properties Ltd. ("Baha Mar") moves to dismiss the Complaint, asserting lack of personal jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(2) and forum non conveniens. (Docket Entry # 24 (the "Motion").) In support of its motion, Baha Mar has filed a single declaration from its company Assistant Secretary, Christel Sands-Feaste, denying any contacts between Baha Mar and the State of New York. (Docket Entry #24 (the "Sands-Feaste Declaration").)

Plaintiffs Joseph and Bernadette Riotta ("Plaintiffs") have failed to file any opposition. Instead, co-defendants Playcore, Inc. ("Playcore") have opposed Baha Mar's Motion, arguing that further discovery is warranted before the issue of this court's jurisdiction over Baha Mar is decided. (Docket Entry # 24 ("Playcore Opp.").) Playcore implies that Baha Mar's discovery responses regarding any potential contacts with New York have been less than forthcoming, and in the alternative, proposes that personal jurisdiction could be asserted over Baha Mar pursuant

1

to N.Y. C.P.L.R. § 303 because entities that may be related to Baha Mar have filed counterclaims in a separate suit pending in New York State Supreme Court. (Id. at 4-5.)

The court is not persuaded that N.Y. C.P.L.R. § 303 is likely to have any application to this case.[1] Neither Playcore nor the Plaintiffs have described their outstanding discovery efforts to resolve any open doubts about Baha Mar's contacts. Discovery is set to close on December 12, 2008. (See Docket #26, Order of Magistrate Judge Roanne L. Mann.) On the other hand, at the motion to dismiss stage the court must fulfill its obligation to construe the pleadings regarding personal jurisdiction in the light most favorable to Plaintiffs, resolving all doubts in the favor. See DiStefano v. Carozzi N. Am., Inc., 286 F.3d 81, 84 (2d Cir. 2001). The fact that Plaintiffs have neglected to oppose the Motion does not relieve the court of its duty to examine the merits and to consider the allegations in the Complaint. See Haas v. Commerce Bank, 497 F. Supp. 2d 563, 564 (S.D.N.Y. 2007); Moscato v. MDM Group, Inc., No. 05 cv 10313(KMW), 2008 WL 2971674 (S.D.N.Y. Jul. 31, 2008) (analyzing complaint allegations on unopposed Rule 12(b)(2) motion to dismiss). The allegations of Plaintiffs' Complaint, if credited, stand in stark opposition to the assertions of the Sands-Feaste Declaration.

"In deciding a pretrial motion to dismiss for lack of personal jurisdiction a district court has considerable procedural leeway. It may determine the motion on the basis of affidavits alone; or it may permit discovery in aid of the motion; or it may conduct an evidentiary hearing on the merits of the motion." Marine Midland Bank, N.A. v. Miller, 664 F.2d 899, 904 (2d Cir. 1981). Baha Mar's Motion does not challenge the sufficiency of the jurisdictional allegations in the Complaint; rather, it seeks to disprove the truth of those allegations. In light of the imminent

---

[1] Despite Playcore's broad interpretation of the statute, Section 303 of the C.P.L.R. is quite narrow. "Section 303 provides that the commencement of an action in the state by a person not subject to personal jurisdiction constitutes a designation by such person of his attorney as agent for service of a summons in any separate action in which the defendant in the first action seeks recovery against another party to the action, if the separate action would have been permitted as a counterclaim had the action been brought in the New York Supreme Court." S. L. Kaye Co., Inc. v. Dulces Anahuac, S. A., 524 F. Supp. 17, 20 (S.D.N.Y. 1981) (emphasis added).

2

close of fact discovery, the court finds that it is appropriate to defer decision, and afford all parties a final opportunity to present evidence upon the completion of discovery.

The court reminds Plaintiff, and Playcore, that they bear "the burden of proving the defendant's amenability to suit in this forum." Metropolitan Life Ins. Co. v. Robertson-Ceco Corp., 84 F.3d 560, 566 (2d Cir. 1996). Where the parties have conducted jurisdictional discovery, a party opposing the Rule 12(b)(2) motion to dismiss must make "an averment of facts that, if credited . . . would suffice to establish jurisdiction over the defendant." Tex. Int'l Magnetics, Inc. v. Auriga-Aurex, Inc., 334 F.3d 204, 206 (2d Cir. 2003) (internal quotation marks omitted). Following discovery, it is clear that reliance on conclusory statements, unsubstantiated allegations, and conjecture will not suffice to justify jurisdiction. A party claiming jurisdiction must make a factual showing "through its own affidavits and supporting materials." Marine Midland, 664 F.2d at 904.

The court directs Plaintiffs and Playcore to submit any further jurisdictional arguments or evidence within twenty (20) days of the close of fact discovery. Baha Mar will be afforded an opportunity to respond within two weeks of any such submissions. In the event that the parties do not avail themselves of this opportunity, the court will rule on the current papers pursuant to the standard applied to motions for summary judgment. See Big Apple Pyrotechnics and Multimedia Inc. v. Sparktacular Inc., No. 05 cv 9994(KMW), 2007 WL 747807, at *1 (S.D.N.Y. Mar. 9, 2007) (noting that while a motion to dismiss for lack of personal jurisdiction cannot be converted to a motion for summary judgment, the summary judgment standard is an appropriate

guide). The court defers decision on Baha Mar's motion to dismiss on the grounds of <u>forum non conveniens</u> pending resolution of its personal jurisdiction motion.

SO ORDERED.

Dated: Brooklyn, New York
December 5, 2008

/s/ Nicholas G. Garaufis
NICHOLAS G. GARAUFIS
United States District Judge

4